UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEL-MAR COTTLEDGE, and
DEANGELO HAYES-HALL,

        Plaintiff,

v.

DETECTIVE BENJAMIN WISCHNEWSKI,
JOHN DOE (1), JOHN DOE (2), JOHN DOE (3),
JOHN DOE (3), JOHN DOE (4), JOHN DOE (5),
JOHN DOE (6), JOHN DOE (7),
JOHN DOE (8), JOHN DOE (9), and
CITY OF DETROIT, Jointly and Severally,

        Defendants.
_____

CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, DEL-MAR COTTLEDGE, and DEANGELO HAYES HALL, by and through counsel, Attorney Christopher L. Sinclair of Sinclair Law, PLLC, stating as follows for their Complaint against the above-named Defendants:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC section 1983, the Fourth Amendment, the Fourteenth Amendment to the United States Constitution, and under the statutes and common law of the State of Michigan.

2. The lawsuit arises out of events occurring within Detroit, Wayne County, Michigan.

3. Jurisdiction is proper pursuant to 28 USC section 1331 and 1367.

4. Venue is proper pursuant to 28 USC section 1391(b)(1) and (2).

## PARTIES

5. Plaintiff, Del-Mar Cottledge, resides in Detroit, Michigan and owns the property located at 13800 Rossini Dr., Detroit, Michigan 48205, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

6. Plaintiff, Deangelo Hayes-Hall, resides at 13800 Rossini Dr., Detroit, Michigan 48205, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

7. Defendant, Detective Benjamin Wischnewski, was at all relevant times hereto a Detroit Police officer with supervisory authority in the execution of the search warrant at 13800 Rossini Dr, Detroit, Michigan 48205, and is being sued in his individual capacity. Upon information and belief, Defendant Wichnewski is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

8. Defendant, John Doe (1), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (1) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

9. Defendant, John Doe (2), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (2) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

10. Defendant, John Doe (3), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (3) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

11. Defendant, John Doe (4), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (4) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

12. Defendant, John Doe (5), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (5) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

13. Defendant, John Doe (6), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (6) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

14. Defendant, John Doe (7), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his

individual capacity. Upon information and belief, John Doe (7) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

15. Defendant, John Doe (8), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (8) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

16. Defendant, John Doe (9), was at all relevant times hereto a Detroit Police officer who participated in the execution of the search warrant on March 11, 2025 at 13800 Rossini Dr, Detroit, Michigan 48205 as seen on video of the said execution and is being sued in his individual capacity. Upon information and belief, John Doe (9) is a citizen of the United States and the State of Michigan and resides in the Eastern District of Michigan.

17. Defendant, City of Detroit, is a municipality located in Wayne County, Michigan that employed Defendant Officers for the Detroit Police Department.

18. At all material times, each of the Defendants acted under color of law, statutes, ordinances, policies, practices, customs, and usages of the state of Michigan, City of Detroit, and the Detroit Police Department.

19. The claims brought herein are cognizable under the United States Constitution and 42 USC section 1983, as well as the statues and common laws of the state of Michigan.

20. On March 11, 2025 Defendant Officers executed a search warrant at 13800 Rossini Drive located in Detroit, Michigan 48205.

21. Plaintiff, DeAngelo Hayes-Hall, was present in the property owned by Plaintiff, Del-Mar Cottledge, at the time approximately ten (10) Detroit Police Officers, Defendants, arrived at the Rossini address to execute a search warrant.

22. There was a Ring camera notification that alerted Plaintiffs to the presence of Defendants at the front door.

23. Defendants knocked and announced presence along with their intention to enter and execute search warrant.

24. After receiving notification through his camera system that someone was within camera view in front of him home, Plaintiff Hayes-Hall saw through said camera system that Defendants were on the front porch of the residence.

25. Plaintiff Hayes-Hall immediately started talking through the camera's audio system to ask for clarity as to what is taking place and continually explaining that Defendants have targeted the wrong house.

26. Additionally, Plaintiff Hayes-Hill tells Defendant Officers that he is on his way to the front door of the residence.

27. In spite of this assertion, Defendant Officer gives the order to breach the front door of the residence in spite of that fact that Plaintiff Hayes-Hill was communicating through the Ring camera system that he was on his way to the front door.

28. Defendant Officers breach the front door and as Plaintiff Hayes-Hall arrives at the front door he is observing Defendant Officers breaching the door and Plaintiff Hayes-Hall is immediately pulled out of the house and virtually dragged to a waiting police vehicle.

29. Plaintiff was not afforded an opportunity to dress properly before being taken out of the house.

30. Defendant Officers then proceed to completely ransack the house and cause damage to the house itself, the garage, for furniture and other person property inside the house.

31. Defendant Officers confiscated Plaintiff Hayes-Hall's cell phone, his camera system, and weapons that were lawfully registered to Plaintiff Hayes-Hall and that were not in any way associated with the shots recorded by the shot spotter.

32. The search warrant was initially sought in connection with a notification from a shot spotter that shots were fired in the area, that a white Jeep Compass was in the area of the shot spotter when the shots were recorded, and that the Jeep Compass was registered to the Rossini address. However, the vehicle that affiant, Defendant Wischnewski, alleges was located in the area of the shot spotter, which is about six to seven blocks away from the Rossini address, was not actually in the area when the shots were fired.

33. The shot spotter is located in the area of Hoover and State Fair and 13800 Rossini Dr. is located in the area of Gratiot and State Fair, which is about six blocks apart.

34. Not only was the vehicle not in the area where the shots were fired, the vehicle nor the driver were located at the Rossini address at the time the search warrant was executed.

35. As a result of this search warrant being executed in bad faith and the removal of Plaintiffs camera system, at least two vehicles (a 2025 Jeep Grand Cherokee and a 2024 Jeep Grand Cherokee) were stolen from the property because the property was no longer monitored by the camera system.

36. The thing that makes the execution of the search warrant an execution of the search warrant in bad faith is that Plaintiff Hayes-Hall was literally talking to the Defendant officers en route to the door saying that he was on his way to the door and that they had the wrong house.

37. Defendant Officers breached the front door and never even paused to consider the truth of Plaintiff Hayes-Hall's statements.

38. No criminal charges were ever filed against Plaintiffs for anything related to the shot spotter notification, anything found in the house, and the criminal file was closed for lack of probable cause before any charges were ever filed.

39. Plaintiff Hayes-Hill is now traumatized and has suffered severe injuries and damages.

### COUNT 1: CONSTITUTIONAL VIOLATIONS UNDER THE FOURTH AND FOURTEENTH AMDENDMENTS TO THE UNITED STATES CONSTITUTION

40. Plaintiffs incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

41. Plaintiffs had a constitutional right under the Fourth Amendment, incorporated through the Fourteenth Amendment, to be free from a depravation of liberty, property, bodily security and integrity without due process of law, and the right to be free from unlawful searches and seizures.

42. Plaintiffs also had an independent constitutional right under the Fourteenth Amendment to be free from deprivation of liberty, property, bodily security, and integrity without due process of law recognized and exercised in good faith.

43. Defendant Officers had notice that they were executing the search warrant in bad faith when Plaintiff Hayes-Hall explained that they were at the wrong house, that he was on the way to the door to have a conversation and that there was no need to breach the door and Defendant Officers decided to forcefully enter the front door anyway.

44. Plaintiffs had a constitutionally recognized interest in not being forcibly removed from the residence.

45. Defendant Officers maliciously, and with bad faith, forced Plaintiff from the home.

46. Defendant Officers intentionally violated the civil rights of Plaintiffs through there wanton disregard for Plaintiff's Fourth Amendment rights.

47. Moreover, each of the Defendant Officer had a duty to prevent Plaintiff from suffering from constitutional violations at the hands of the other officer yet each failed to do so.

48. All relevant Defendant Officers, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the Fourth Amendment to the United States Constitution.

49. Defendant Officers' actions deprived Plaintiff of liberty, bodily security and integrity by acting in bad faith.

50. Defendant Officers acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiffs' constitutional rights.

51. No emergency existed at the time of the entry into the residence to justify the breach in the face of Plaintiff stating he was on his way to the door and the absence of the alleged subject vehicle and subject driver.

52. The Constitutional right to execute a search warrant in good faith was clearly established at the time that the violation occurred and any reasonable police officer in the Defendant Officers' positions would have understood that their conduct violated said rights.

53. Defendant Officers are therefore not entitled to qualified immunity.

54. Defendant Wischnewski, at all relevant times had supervisory authority of the execution of the warrant and is therefore subject to supervisory liability under 28 USC section 1983 for the actions of his inferiors and co-Defendants in violation of Plaintiffs' clearly established Constitutional rights.

55. As a result of Defendants' actions, Plaintiffs suffered serious and severe damages hereinafter alleged.

## COUNT II: CIVIL CONSPIRACY

56. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

57. The above-named Defendant Officers engaged in a concerted action to execute the search warrant that was executed in bad faith.

58. Accordingly, Defendant Officers' actions constitute a civil conspiracy, which requires (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means. *Admiral Ins Co v Columbia Casualty Ins Co,* 194 Mich App 300, 313; 486 NW2d 351 (1992).

59. Plaintiff's civil conspiracy cause of action is based on the underlying cause of action for violation of their Fourth and Fourteenth Amendment rights based on MCL 600.2918.

60. As a result of Defendant Officers' actions, Plaintiffs suffered serious and severe damages hereinafter alleged.

## DAMAGES

61. Plaintiffs incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

62. By virtue of Defendant Officers' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a. Legal bills and expenses;

    b. Physical pain, suffering and discomfort, past, present and future;

    c. Mental anguish;

    d. Fright and shock;

    e. Discomfiture;

    f. Denial of social pleasures and enjoyment;

    g. Embarrassment, humiliation, or mortification;

    h. Other economic loss;

    i. Any and all injuries later discovered or otherwise allowed under Federal and Michigan law.

63. By virtue of the Defendant Officers' outrageous and egregious actions, Plaintiffs are entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount of nine million dollars ($9,000,000.00), and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available.

*Respectfully Submitted*,

/s/ Christopher L. Sinclair

CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

Dated:    October 3, 2025

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-captioned matter.

*Respectfully Submitted*,

/s/ Christopher L. Sinclair
_____
CHRISTOPHER L. SINCLAIR (P80512)
SINCLAIR LAW, PLLC
Counsel for Plaintiff
35560 Grand River Ave, Suite 343
Farmington Hills, Michigan 48335
(313) 434.8486
Clsinclair99@gmail.com

Dated:          October 3, 2025